## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

|  |  |  |
|---|---|---|
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| | ) | Case No. 1:25-cv-14475 |
| v. | ) | |
| | ) | |
| TRANSYSTEMS CORPORATION, GRANITE CONSTRUCTION INC., THE RODERICK GROUP INC. d/b/a/ ARDMORE RODERICK, ZURICH NATIONAL INSURANCE COMPANY., TRANSPORTATION INSURANCE CO.,CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD., PA MANUFACTURERS INDEMNITY CO., OLD REPUBLIC UNION INSURANCE CO., and TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY OF AMERICA | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| *Defendants*. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, CSX Transportation, Inc., ("CSXT") by its attorneys, Mohan Groble Scolaro, P.C., and for its Complaint for Declaratory Judgment against Defendants, TRANSYSTEMS CORPORATION, GRANITE CONSTRUCTION INC., THE RODERICK GROUP d/b/a ARDMORE RODERICK, ZURICH NATIONAL INSURANCE COMPANY, TRANSPORTATION INSURANCE CO., CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, PA MANUFACTURERS INDEMNITY CO., OLD REPUBLIC UNION INSURANCE CO. TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY OF AMERICA, states as follows:

## THE PARTIES

1. CSXT is a Virginia corporation engaged in operating a railroad as a common carrier in interstate commerce, with its principal place of business in Florida.

2. TranSystems Corporation ("TranSystems") is a Missouri corporation, with its principal place of business in Missouri.

3. Granite Construction Inc. ("Granite") is a Delaware corporation, with its principal place of business in California.

4. The Roderick Group d/b/a Admore Roderick ("Roderick") is a Delaware corporation, with its principal place of business in Illinois.

5. Zurich National Insurance Company ("Zurich") is an Illinois corporation, with its principal place of business in Illinois.

6. Transportation Insurance Co., is an Illinois corporation and subsidiary of CNA Financial Corporation, with its principal place of business in Illinois.

7. Continental Casualty Company ("Continental Casualty") is an Illinois corporation and subsidiary of CNA Financial Corporation, with its principal place of business in Illinois.

8. National Fire Insurance Company of Hartford ("National Fire") is an Illinois corporation and subsidiary of CNA Financial Corporation, with its principal place of business in Illinois.

9. PA Manufacturers Indemnity Co. ("PA Manufacturers") is a Pennsylvania corporation, with its principal place of business in Pennsylvania.

10. Old Republic Union Insurance Co. ("Old Republic") is an Illinois corporation, with its principal place of business in Illinois.

11. Travelers Property Casualty Insurance Company of America ("Travelers Property"), is a Connecticut corporation, with its principal place of business in Connecticut.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship between Plaintiff and all named Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs

13.     Plaintiff CSXT is incorporated in Virginia and has its principal place of business of business in Florida. None of the named Defendants share either of those states of incorporation or principal place of business.

14.     Venue is proper in the Northern District of Illinois under 28 U.S.C. §13919(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## ALLEGATIONS COMMON TO ALL COUNTS

15.     On or about December 20, 2023, and at times before and after that date, there was an improvement to real property project underway at or around or near CSX Forest Hill Yard, 2252 W. 79th St., Chicago, Cook County, Illinois commonly referred to as The Forest Hill Flyover at CSX Forest Hill Railroad Yard, (hereinafter referred to as "the project").

16.     At all relevant times, CSXT was designated as the owner of the project.

17.     On May 24, 2022, CSXT entered into a construction contract with Granite Construction Inc. (attached as Exhibit A), whereby Granite would serve as a contractor on the project.

18.     Section 21(a) of Exhibit A provides, in relevant part:

> CONTRACTOR at its sole cost and expense shall procure and maintain during the continuance of the Work, until such Work is fully completed and accepted by RAILROAD, a policy of Commercial General Liability Insurance covering CONTRACTOR's direct and assumed liability under this Contract, and covering RAILROAD as an additional named insured.

3

19.     Section 20 of Exhibit A provides, in relevant part:

> To the maximum extent permitted by applicable Law, CONTRACTOR assumes all responsibility for, and releases and agrees to indemnify, defend, and hold harmless RAILROAD and its Affiliates with respect to any and all liabilities, claims, demands, payments, suits, actions, recoveries, fines, penalties, costs and expenses (including attorneys' fees, court costs and out-of-pocket expenses), judgments, settlements, losses, and damages of every nature, degree, and kind (including direct, indirect, consequential, incidental, exemplary, punitive or special damages)(collective, "Liabilities"), arising directly or indirectly from the presence of CONTRACTOR, its agents, employees, invitees, or subcontractors, or its subcontractors' agents, employees or invitees on or about RAILROAD property or the performance of this Contract or activities incidental thereto, whether or not attributable in whole or part to the negligence of RAILROAD or its affiliates, and including personal injury, including death of any person(s), (including employees of RAILROAD or CONTRACTOR..."

20. Section 59 of Exhibit A provides, in relevant part:

> (E). Florida Law (without regard to the choice of law principles of any jurisdiction) exclusively governs all matters based upon, arising out of or relating in any way to this Contract, including all disputes, claims or causes of action arising out of this Contract, as well as the interpretation, construction, performance and enforcement of this contract.

21.     On September 12, 2023, Granite procured Commercial General Liability insurance from Transportation Insurance Co. under policy number GL2074978689, effective from October 1, 2023, to October 1, 2026. Granite also procured Umbrella Liability insurance from Continental Casualty Company under policy Number CUE2068209453, effective from October 1, 2023, to October 1, 2024 (Attached as Exhibit B).

22.     In each Granite insurance policy, CSXT was listed as an additional insured.

23.     On November 3, 2020, CSXT entered into a construction contract with TranSystems Corporation (attached as Exhibit C), whereby TranSystems would serve as another contractor on the project.

24.     Section 8 of Exhibit C provides, in relevant part:

"Liability Insurance. Prior to and during any entry by Contractor onto the premises of CSXT or otherwise during the performance of the Services, Contractor shall purchase and maintain the following insurance coverages: (i) Commercial General Liability Insurance, with contractual liability covering obligations assumed in this Agreement (including any agreements entered into between the parties pursuant hereto) by Contractor, providing for available limits of not less than $5,000,000 single limit, bodily injury and/or property damage combined, for damages arising out of bodily injuries to or death of all persons in each occurrence and for damage to or destruction of property, including the loss of use thereof, in each occurrence, including Federal Employers Liability Act claims against CSXT, or other liability arising out of or incidental to railroad operations; (ii) Statutory Workers' Compensation, Employer's Liability Insurance with available limits of not less than $1,000,000 (which shall include but not be limited to coverage for employee misclassification) and Occupational Disease Insurance; (iii) if any motor vehicles are used in connection with the work to be performed hereunder (or in connection with any agreements entered into between the parties pursuant hereto), Business Automobile Liability Insurance with limits of not less than $2,000,000 single limit, bodily injury and/or property damage combined, for damages to or destruction of property including the loss of use thereof, in any one occurrence; and (iv) if professional services are being rendered by Contractor, Professional Liability coverage in an amount not less than $2,000,000. If, in CSXT's opinion, a higher limit of liability is necessary for any insurance policy required hereunder, CSXT shall so notify Contractor and Contractor shall, within thirty (30) days of receipt of such notice, provide a copy of the endorsement to the appropriate policy increasing the liability coverage to the required limit. Proof of insurance should be provided to the applicable notices address set forth in Section 29 below."

25.     Section 7 of Exhibit C provides, in relevant part:

"Contractor covenants and agrees to indemnify, protect and save harmless CSXT from and against any and all liabilities, claims, demands, obligations, charges, proceedings, actions, causes of action, and suits (collectively, "Claims"), and any and all losses, damages, judgments, costs and expenses, including attorneys' fees and court costs (collectively, "Damages") whatsoever, suffered or incurred by CSXT, on account of injury to or death of any persons whomsoever (including employees of Contractor and employees of CSXT or others), or loss or destruction of or damage to property of any kind or character whatsoever, and to whomsoever belonging, hereinafter collectively

5

referred to as "incidents", caused or contributed to by any act or omission, negligent or otherwise, of Contractor, or of any of Contractor's agents, contractors, servants or employees, arising out of or incidental to the performance of the Services, except to the extent that the foregoing incidents occurred as a result of the negligence or intentional misconduct of CSXT where such negligence or intentional misconduct is the sole proximate cause of the incident(s) for which Contractor seeks to avoid indemnification."

26.    Section 23 of Exhibit C provides, in relevant part:

Governing Law. This Agreement, and all matters based upon, arising out of or relating in any way to this Agreement of the performance hereof, shall be governed by and interpreted in accordance with the laws of the State of Florida, without regards to the conflict of laws provisions of any jurisdiction.

27.    On August 7, 2024, TranSystems and Gannet Fleming completed a strategic merger, forming a combined entity known as GFT Infrastructure, Inc.

28.    On September 30, 2024, Gannett Fleming, Inc. procured commercial general liability insurance from PA Manufacturers Indemnity Co. under policy number 3024012907384A, effective from February 1, 2024, to February 1, 2025. Gannett Fleming, Inc. also procured Excess Liability insurance from Old Republic Union Insurance Company under policy Number ORGRX5000244-00, effective from February 1, 2024, to February 1, 2025 (Attached as Exhibit D).

29.    In each Gannett Fleming Inc. insurance policy, CSXT was listed as an additional insured.

30.    On September 30, 2024, TranSystems procured Umbrella Liability insurance from Travelers Property Casualty Company of America, under Policy Number CUP2X654076, effective from October 1, 2023, to October 1, 2024 (Attached as Exhibit E).

31.     Upon information and belief, TranSystems procured additional liability insurance from Zurich National Insurance company, with CSXT as additional insured, which was effective during the relevant dates in this case.

32.     In each TranSystems insurance policy, CSXT was listed as an additional insured.

33.     On January 4, 2021, TranSystems entered into a subcontractor agreement between Roderick, where Roderick was to perform as a subcontractor on the project. The contract between TranSystems and Roderick is included as Exhibit (F).

34.     Per the contract between TranSystems and Roderick, Roderick was required to maintain multiple types of insurance throughout the duration of the contract (See Exhibit F).

35.     On March 6, 2023, Roderick procured commercial general liability insurance from National Fire Insurance Company of Hartford, under policy number 7018049890, effective from December 31, 2022, to December 31, 2023. Roderick also procured umbrella liability insurance from Continental Casualty, under policy number 7018049937, effective from December 31, 2022, to December 31, 2023 (Attached as Exhibit G).

36.     In each Roderick insurance policy, CSXT was listed as an additional insured.

37.     Section 6.10 of Exhibit F provides, in relevant part:

> "CONSULTANT shall indemnify and hold harmless TRANSYSTEMS AND OWNER (CSXT) from and against all losses, claims, damages, or expenses to the extent such losses, claims damages, or expenses are caused by any negligent act, error, or omission of CONSULTANT or any person or organization for whom CONSULTANT is legally liable, including but not limited to, sub-consultants, employees, agents, or representatives. Notwithstanding the foregoing, neither party shall be liable to the other party hereto for any loss, claim, damage, or expense to the extent caused by such party's own negligent acts or omissions, pursuant to 740 ILCS 35 (Illinois Construction Contract Indemnification for Negligence Act).

7

38.     On November 13, 2024, Christopher Valente filed his Complaint at Law against CSXT and TranSystems Corporation.

39.     Valente's complaint alleges that on May 23, 2024, while working on the project in the course of his duties as an employee of Granite, Valente sustained injuries after a crane allegedly lost control of a load, striking Valente. A copy of Valente's Complaint is attached as Exhibit H.

40.     On January 21, 2025, CSXT filed its Answer to Valente's Complaint, denying all material allegations including that it is liable for the injuries sustained by Valente. A copy of CSXT's Answer to Valente's Complaint is attached as Exhibit I.

41.     On January 16, 2025, Henry Ipema filed his Complaint at Law against CSXT and TranSystems.

42.     Ipema's complaint alleges that on December 20, 2023, while working on the project in the course of his duties as an employee of Granite, Ipema fell off of a platform due to alleged inadequate and unsafe tie-off for fall protection system. A copy of Ipema's Complaint is attached as Exhibit J.

43.     On March 4, 2025, CSXT filed its Answer to Ipema's Complaint, denying all material allegations including that it is liable for the injuries sustained by Ipema. A copy of CSXT's Answer to Valente's Complaint is attached as Exhibit K.

<u>**COUNT I**</u>
**(Declaratory Judgment – Zurich National Insurance)**

44.     CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

45.     TranSystems Corporation provided CSXT a Certificate of Liability Insurance stating that CSXT was an additional insured on the Commercial General Liability policy procured

by TranSystems from Zurich National Insurance company, which specifically applies to work being performed by both Christopher Valente and Henry Ipema.

46.     At all relevant times, CSXT was an additional insured under the Zurich National Policy.

47.     Zurich's policy provides CSXT coverage, defense and indemnity from both Valente and Ipema's claims.

48.     On March 10, 2025, CSXT timely tendered its defense to Zurich and demanded insurance coverage to cover the claims alleged in both Valente and Ipema's complaints. On May 5, 2025, and October 14, 2025, CSX renewed its tender and demand for insurance coverage to Zurich.

49.     Zurich has not responded to CSXT's tenders of defense or demands for coverage.

50.     Zurich is obligated to defend, indemnity and pay or reimburse CSXT for all damages, costs, and expenses, including without limitation attorneys' fees, arising out of or in connection with or in any way related to the Agreement between CSXT and TranSystems or Valente or Ipema's Complaints.

WHEREFORE, CSX TRANSPORTATION, INC., prays for entry of a judgment finding and declaring that: (i) (i) ZURICH INTERNATIONAL INSURANCE has a duty to defend and indemnify CSX TRANSPORTATION, INC. against the allegations of Christopher Valente and Henry Ipema's Complaints; (ii) ZURICH INTERNATIONAL INSURANCE is responsible for all liability incurred by CSX TRANSPORTATION, INC. as a result of Christopher Valente and Henry Ipema's claims and for attorneys' fees, costs and disbursements incurred in defending against said claims; and (iii) enter judgment in favor of CSX TRANSPORTATION, INC. and

against ZURICH INTERNATIONAL INSURANCE in an amount equal to all liability incurred by CSX TRANSPORTATION, INC., including attorneys' fees, costs and disbursements.

## COUNT II
### (215   ILCS 5/155 – Zurich National Insurance)

51.     CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

52.     Section 155 of the Illinois Insurance Code (215 ILCS 5/155), in pertinent part, provides:

> Attorney fees.
>
> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
>> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>>
>> (b) $60,000;
>>
>> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

53.     On March 10, 2025, CSXT timely tendered its defense to Zurich and demanded insurance coverage to cover the claims alleged in both Valente and Ipema's complaints.

54.     On May 5, 2025, and October 14, 2025, CSX renewed its tenders and demands for insurance coverage to Zurich.

55.     Zurich has not responded to CSXT's tenders of defense or demands for coverage.

56.     Zurich has failed to provide CSXT insurance coverage despite CSXT being an additional insured and Zurich having knowledge of the terms, conditions and nature of the obligations owed to CSXT.

57.     In failing to respond to any of its tender letters, Zurich has engaged in unreasonable and vexatious conduct.

58.     CSXT has been damaged by Zurich's failure to acknowledge and confirm insurance coverage, defense and indemnity of CSXT against both Christopher Valente and Henry Ipema's claims.

59.     As a result of Zurich's unreasonable and vexatious conduct, CSXT has sustained monetary damages including the costs incurred in defending against Christopher Valente and Henry Ipema's Complaints.

60.     CSXT seeks recovery under 215 ILCS 5/155 for statutory penalties, which are in addition to and not a limitation on CSXT's entitlement to reasonable attorney fees and costs incurred in connection with this action.

WHEREFORE, CSX TRANSPORTATION, INC., prays for entry of a judgment pursuant to §155 of the Illinois Insurance Code for attorneys' fees, costs, other damages and a statutory award, and for such other and additional relief as the Court deems appropriate.

## COUNT III
### (Declaratory Judgment – Transportation Insurance Co.)

61.     CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

62.     Granite provided CSXT a Certificate of Liability Insurance stating that CSXT was an additional insured on the Commercial General Liability policy procured by Granite from

Transportation Insurance Co. under policy number GL2074978689, which specifically applies to work being performed by both Christopher Valente and Henry Ipema. A copy of the Certificate of Liability Insurance is attached as Exhibit B.

63.     At all relevant times, CSXT was an additional insured under the Transportation Insurance Co. policy.

64.     Transportation Insurance Co. policy provides CSXT coverage, defense and indemnity from both Valente and Ipema's claims.

65.     On March 3, 2025, and March 7, 2025, CSXT timely tendered its defense to Transportation Insurance Co. and demanded insurance coverage to cover the claims alleged in both Valente and Ipema's complaints respectively. On May 5, 2025, and May 2, 2025, CSX renewed its tender and demand for insurance coverage to Transportation Insurance Co for the Valente and Ipema cases respectively.

66.     Transportation Insurance Co has not responded to CSXT's tenders of defense or demands for coverage.

67.     Transportation Insurance Co is obligated to defend, indemnity and pay or reimburse CSXT for all damages, costs, and expenses, including without limitation attorneys' fees, arising out of or in connection with or in any way related to the Agreement between CSXT and Granite, or Valente or Ipema's Complaints.

WHEREFORE, CSX TRANSPORTATION, INC., prays for entry of a judgment finding and declaring that: (i) (i) TRANSPORTATION INSURANCE CO. has a duty to defend and indemnify CSX TRANSPORTATION, INC. against the allegations of Christopher Valente and Henry Ipema's Complaints; (ii) TRANSPORTATION INSURANCE CO. is responsible for all liability incurred by CSX TRANSPORTATION, INC. as a result of Christopher Valente and

Henry Ipema's claims and for attorneys' fees, costs and disbursements incurred in defending against said claims; and (iii) enter judgment in favor of CSX TRANSPORTATION, INC. and against TRANSPORTATION INSURANCE CO. in an amount equal to all liability incurred by CSX TRANSPORTATION, INC., including attorneys' fees, costs and disbursements.

<u>**COUNT IV**</u>
**(215 ILCS 5/155 – Transportation Insurance Co.)**

68.     CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

69.     Section 155 of the Illinois Insurance Code (215 ILCS 5/155), in pertinent part, provides:

> Attorney fees.
>
> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> > (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
> >
> > (b) $60,000;
> >
> > (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

70.     On March 3, 2025, and March 7, 2025, CSXT timely tendered its defense to Transportation Insurance Co. and demanded insurance coverage to cover the claims alleged in both Valente and Ipema's complaints respectively.

71.     On May 5, 2025, and May 2, 2025, CSX renewed its tenders and demands for insurance coverage to Transportation Insurance Co.

72.     Transportation Insurance Co. has not responded to CSXT's tenders of defense or demands for coverage.

73.     Transportation Insurance Co. has failed to provide CSXT insurance coverage despite CSXT being an additional insured and Transportation Insurance Co. having knowledge of the terms, conditions and nature of the obligations owed to CSXT.

74.     In failing to respond to any of its tender letters, Transportation Insurance Co. has engaged in unreasonable and vexatious conduct.

75.     CSXT has been damaged by Transportation Insurance Co.'s failure to acknowledge and confirm insurance coverage, defense and indemnity of CSXT against both Christopher Valente and Henry Ipema's claims.

76.     As a result of Transportation Insurance Co.'s unreasonable and vexatious conduct, CSXT has sustained monetary damages including the costs incurred in defending against Christopher Valente and Henry Ipema's Complaints.

77.     CSXT seeks recovery under 215 ILCS 5/155 for statutory penalties, which are in addition to and not a limitation on CSXT's entitlement to reasonable attorney fees and costs incurred in connection with this action.

WHEREFORE, CSX TRANSPORTATION, INC., prays for entry of a judgment pursuant to §155 of the Illinois Insurance Code for attorneys' fees, costs, other damages and a statutory award, and for such other and additional relief as the Court deems appropriate.

## <u>COUNT V</u>
### (Declaratory Judgment – Continental Casualty Company)

78.     CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

79.     Granite provided CSXT a Certificate of Liability Insurance stating that CSXT was an additional insured on the Umbrella liability insurance policy procured by Granite from Continental Casualty Company under policy number CUE2068209453, which specifically applies to work being performed by both Christopher Valente and Henry Ipema. A copy of the Certificate of Liability Insurance is attached as Exhibit B.

80.     At all relevant times, CSXT was an additional insured under the Continental Casualty Company policy.

81.     Continental Casualty Company's policy provides CSXT coverage, defense and indemnity from Christopher Valente and Henry Ipema's claims.

82.     On March 3, 2025, and March 7, 2025, CSXT timely tendered its defense to Continental Casualty Company and demanded insurance coverage to cover the claims alleged in both Valente and Ipema's complaints respectively. On May 5, 2025, and May 2, 2025, CSX renewed its tenders and demands for insurance coverage to Continental Casualty Company for the Valente and Ipema cases respectively.

83.     Continental Casualty Company has not responded to CSXT's tenders of defense or demands for coverage.

84.     Continental Casualty Company is obligated to defend, indemnity and pay or reimburse CSXT for all damages, costs, and expenses, including without limitation attorneys' fees, arising out of or in connection with or in any way related to the Agreement between CSXT and Granite, or Valente or Ipema's Complaints.

WHEREFORE, CSX TRANSPORTATION, INC., prays for entry of a judgment finding and declaring that: (i) CONTINENTAL CASUALTY COMPANY has a duty to defend and indemnify CSX TRANSPORTATION, INC. against the allegations of Christopher Valente and

Henry Ipema's Complaints; (ii) CONTINENTAL CASUALTY COMPANY is responsible for all liability incurred by CSX TRANSPORTATION, INC. as a result of Christopher Valente and Henry Ipema's claims and for attorneys' fees, costs and disbursements incurred in defending against said claims; and (iii) enter judgment in favor of CSX TRANSPORTATION, INC. and against CONTINENTAL CASUALTY COMPANY in an amount equal to all liability incurred by CSX TRANSPORTATION, INC., including attorneys' fees, costs and disbursements.

## COUNT VI
### (215   ILCS 5/155 – Continental Casualty Company)

85.     CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

86.     Section 155 of the Illinois Insurance Code (215 ILCS 5/155), in pertinent part, provides:

> Attorney fees.
>
> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> > (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
> >
> > (b) $60,000;
> >
> > (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

87.     On March 3, 2025, and March 7, 2025, CSXT timely tendered its defense to Continental Casualty Company and demanded insurance coverage to cover the claims alleged in both Valente and Ipema's complaints respectively.

88.    On May 5, 2025, and May 2, 2025, CSX renewed its tenders and demands for insurance coverage to Continental Casualty Company.

89.    Continental Casualty Company has not responded to CSXT's tenders of defense or demands for coverage.

90.    Continental Casualty Company has failed to provide CSXT insurance coverage despite CSXT being an additional insured and Continental Casualty Company having knowledge of the terms, conditions and nature of the obligations owed to CSXT.

91.    In failing to respond to any of its tender letters, Continental Casualty Company has engaged in unreasonable and vexatious conduct.

92.    CSXT has been damaged by Continental Casualty Company's failure to acknowledge and confirm insurance coverage, defense and indemnity of CSXT against both Christopher Valente and Henry Ipema's claims.

93.    As a result of Continental Casualty Company's unreasonable and vexatious conduct, CSXT has sustained monetary damages including the costs incurred in defending against Christopher Valente and Henry Ipema's Complaints.

94.    CSXT seeks recovery under 215 ILCS 5/155 for statutory penalties, which are in addition to and not a limitation on CSXT's entitlement to reasonable attorney fees and costs incurred in connection with this action.

WHEREFORE, CSX TRANSPORTATION, INC., prays for entry of a judgment pursuant to §155 of the Illinois Insurance Code for attorneys' fees, costs, other damages and a statutory award, and for such other and additional relief as the Court deems appropriate.

17

## COUNT VII

### (Declaratory Judgment –National Fire Insurance Company of Hartford)

95.     CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

96.     Roderick provided CSXT a Certificate of Liability Insurance stating that CSXT was an additional insured on the Commercial General Liability policy procured by Roderick from National Fire, under policy number 7018049890 which specifically applies to work being performed by Henry Ipema. A copy of the Certificate of Liability Insurance is attached as Exhibit G.

97.     At all relevant times, CSXT was an additional insured under the National Fire policy.

98.     National Fire's policy provides CSXT coverage, defense and indemnity from Ipema's claim.

99.     On March 7, 2025, CSXT timely tendered its defense to National Fire and demanded insurance coverage to cover the claims alleged in Ipema's complaint. On May 2, 2025, CSX renewed its tender and demand for insurance coverage to National Fire.

100.     National Fire has not responded to CSXT's tenders of defense or demands for coverage.

101.     National Fire is obligated to defend, indemnity and pay or reimburse CSXT for all damages, costs, and expenses, including without limitation attorneys' fees, arising out of or in connection with or in any way related to the Agreement between CSXT, TranSystems, and Roderick, or from Ipema's Complaint.

WHEREFORE, CSX TRANSPORTATION, INC., prays for entry of a judgment finding and declaring that: (i) NATIONAL FIRE INSURANCE COMPANY OF HARTFORD has a duty

to defend and indemnify CSX TRANSPORTATION, INC. against the allegations of Christopher Valente and Henry Ipema's Complaints; (ii) NATIONAL FIRE INSURANCE COMPANY OF HARTFORD is responsible for all liability incurred by CSX TRANSPORTATION, INC. as a result of Henry Ipema's claim and for attorneys' fees, costs and disbursements incurred in defending against said claims; and (iii) enter judgment in favor of CSX TRANSPORTATION, INC. and against NATIONAL FIRE INSURANCE COMPANY OF HARTFORD in an amount equal to all liability incurred by CSX TRANSPORTATION, INC., including attorneys' fees, costs and disbursements.

### COUNT VIII
### (215    ILCS 5/155 – National Fire Insurance Company of Hartford)

102.    CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

103.    Section 155 of the Illinois Insurance Code (215 ILCS 5/155), in pertinent part, provides:

> Attorney fees.
>
> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> > (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
> >
> > (b) $60,000;
> >
> > (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

104.    On March 7, 2025, CSXT timely tendered its defense to National Fire and demanded insurance coverage to cover the claims alleged in Ipema's complaint.

105.    On May 2, 2025, CSX renewed its tender and demand for insurance coverage to National Fire.

106.    National Fire has not responded to CSXT's tenders of defense or demands for coverage.

107.    National Fire has failed to provide CSXT insurance coverage despite CSXT being an additional insured and National Fire having knowledge of the terms, conditions and nature of the obligations owed to CSXT.

108.    In failing to respond to any of its tender letters, National Fire has engaged in unreasonable and vexatious conduct.

109.    CSXT has been damaged by National Fire's failure to acknowledge and confirm insurance coverage, defense and indemnity of CSXT against Henry Ipema's claim.

110.    As a result of National Fire's unreasonable and vexatious conduct, CSXT has sustained monetary damages including the costs incurred in defending against Henry Ipema's Complaint.

111.    CSXT seeks recovery under 215 ILCS 5/155 for statutory penalties, which are in addition to and not a limitation on CSXT's entitlement to reasonable attorney fees and costs incurred in connection with this action.

WHEREFORE, CSX TRANSPORTATION, INC., prays for entry of a judgment pursuant to §155 of the Illinois Insurance Code for attorneys' fees, costs, other damages and a statutory award, and for such other and additional relief as the Court deems appropriate.

## COUNT IX
### (Declaratory Judgment – PA Manufacturers Indemnity Co.)

112.    CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

113.    Gannet Fleming provided CSXT a Certificate of Liability Insurance stating that CSXT was an additional insured on the Commercial General Liability policy procured by TranSystems from PA Manufacturers, under policy number3024012907384A which specifically applies to work being performed by Christopher Valente. A copy of the Certificate of Liability Insurance is attached as Exhibit D.

114.    At all relevant times, CSXT was an additional insured under the PA Manufacturers' policy.

115.    PA Manufacturers' policy provides CSXT coverage, defense and indemnity from Valente and claims.

116.    On March 7, 2025, CSXT timely tendered its defense to PA Manufacturers and demanded insurance coverage to cover the claims alleged in Valente's complaint. On May 5, 2025, CSX renewed its tender and demand for insurance coverage to PA Manufacturers.

117.    PA Manufacturers has not responded to CSXT's tenders of defense or demands for coverage.

118.    PA Manufacturers is obligated to defend, indemnity and pay or reimburse CSXT for all damages, costs, and expenses, including without limitation attorneys' fees, arising out of or in connection with or in any way related to the Agreement between CSXT and TranSystems or Valente's Complaint.

WHEREFORE, CSX TRANSPORTATION, INC., prays for entry of a judgment finding and declaring that: (i) PA MANUFACTURERS INDEMNITY CO. has a duty to defend and

indemnify CSX TRANSPORTATION, INC. against the allegations of Christopher Valente and Henry Ipema's Complaints; (ii) PA MANUFACTURERS INDEMNITY CO is responsible for all liability incurred by CSX TRANSPORTATION, INC. as a result of Christopher Valente and Henry Ipema's claims and for attorneys' fees, costs and disbursements incurred in defending against said claims; and (iii) enter judgment in favor of CSX TRANSPORTATION, INC. and against PA MANUFACTURERS INDEMNITY CO in an amount equal to all liability incurred by CSX TRANSPORTATION, INC., including attorneys' fees, costs and disbursements.

## COUNT X
### (215     ILCS 5/155 – PA Manufacturers Indemnity Co.)

119.     CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

120.     Section 155 of the Illinois Insurance Code (215 ILCS 5/155), in pertinent part, provides:

> Attorney fees.
>
> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> > (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
> >
> > (b) $60,000;
> >
> > (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

121.     On March 7, 2025, CSXT timely tendered its defense to PA Manufacturers and demanded insurance coverage to cover the claims alleged in Valente's complaint.

22

122.    On May 5, 2025, CSX renewed its tender and demand for insurance coverage to PA Manufacturers.

123.    PA Manufacturers has not responded to CSXT's tenders of defense or demands for coverage.

124.    PA Manufacturers has failed to provide CSXT insurance coverage despite CSXT being an additional insured and PA Manufacturers having knowledge of the terms, conditions and nature of the obligations owed to CSXT.

125.    In failing to respond to any of its tender letters, PA Manufacturers has engaged in unreasonable and vexatious conduct.

126.    CSXT has been damaged by PA Manufacturers' failure to acknowledge and confirm insurance coverage, defense and indemnity of CSXT against Christopher Valente's claim.

127.    As a result of PA Manufacturers' unreasonable and vexatious conduct, CSXT has sustained monetary damages including the costs incurred in defending against Christopher Valente's Complaint.

128.    CSXT seeks recovery under 215 ILCS 5/155 for statutory penalties, which are in addition to and not a limitation on CSXT's entitlement to reasonable attorney fees and costs incurred in connection with this action.

WHEREFORE, CSX TRANSPORTATION, INC., prays for entry of a judgment pursuant to §155 of the Illinois Insurance Code for attorneys' fees, costs, other damages and a statutory award, and for such other and additional relief as the Court deems appropriate.

## COUNT XI
### (Declaratory Judgment – Old Republic Union Insurance Co.)

129.    CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

130.    Gannet Fleming provided CSXT a Certificate of Liability Insurance stating that CSXT was an additional insured on the umbrella liability policy procured by TranSystems from Old Republic, under policy number ORGRX5000244-00, which specifically applies to work being performed by Christopher Valente. A copy of the Certificate of Liability Insurance is attached as Exhibit D.

131.    At all relevant times, CSXT was an additional insured under the Old Republic policy.

132.    Old Republic's policy provides CSXT coverage, defense and indemnity from Valente's claim.

133.    On March 7, 2025, CSXT timely tendered its defense to Old Republic and demanded insurance coverage to cover the claims alleged in Valente's complaint. On May 5, 2025, CSX renewed its tender and demand for insurance coverage to Old Republic.

134.    Old Republic has not responded to CSXT's tenders of defense or demands for coverage.

135.    Old Republic is obligated to defend, indemnity and pay or reimburse CSXT for all damages, costs, and expenses, including without limitation attorneys' fees, arising out of or in connection with or in any way related to the Agreement between CSXT and TranSystems or Valente's Complaint.

WHEREFORE, CSX TRANSPORTATION, INC., prays for entry of a judgment finding and declaring that: (i) OLD REPUBLIC UNION INSURANCE CO. has a duty to defend and indemnify CSX TRANSPORTATION, INC. against the allegations of Christopher Valente and Henry Ipema's Complaints; (ii) OLD REPUBLIC UNION INSURANCE CO. is responsible for all liability incurred by CSX TRANSPORTATION, INC. as a result of Christopher Valente and

Henry Ipema's claims and for attorneys' fees, costs and disbursements incurred in defending against said claims; and (iii) enter judgment in favor of CSX TRANSPORTATION, INC. and against OLD REPUBLIC UNION INSURANCE CO. in an amount equal to all liability incurred by CSX TRANSPORTATION, INC., including attorneys' fees, costs and disbursements.

## COUNT XII
**(215        ILCS 5/155 – Old Republic Union Insurance Co.)**

136.    CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

137.    Section 155 of the Illinois Insurance Code (215 ILCS 5/155), in pertinent part, provides:

> Attorney fees.
>
> (1)`In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> > (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
> >
> > (b) $60,000;
> >
> > (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

138.    On March 7, 2025, CSXT timely tendered its defense to Old Republic and demanded insurance coverage to cover the claims alleged in Valente's complaint.

139.     On May 5, 2025, CSX renewed its tender and demand for insurance coverage to Old Republic.

140.     Old Republic has not responded to CSXT's tenders of defense or demands for coverage.

141.     Old Republic has failed to provide CSXT insurance coverage despite CSXT being an additional insured and Old Republic having knowledge of the terms, conditions and nature of the obligations owed to CSXT.

142.     In failing to respond to any of its tender letters, Old Republic has engaged in unreasonable and vexatious conduct.

143.     CSXT has been damaged by Old Republic's failure to acknowledge and confirm insurance coverage, defense and indemnity of CSXT against Christopher Valente's claim.

144.     As a result of Old Republic's unreasonable and vexatious conduct, CSXT has sustained monetary damages including the costs incurred in defending against Christopher Valente's Complaint.

145.     CSXT seeks recovery under 215 ILCS 5/155 for statutory penalties, which are in addition to and not a limitation on CSXT's entitlement to reasonable attorney fees and costs incurred in connection with this action.

WHEREFORE, CSX TRANSPORTATION, INC., prays for entry of a judgment pursuant to §155 of the Illinois Insurance Code for attorneys' fees, costs, other damages and a statutory award, and for such other and additional relief as the Court deems appropriate.

## <u>COUNT XIII</u>
**(Declaratory Judgment – Travelers Property Casualty Company of America)**

146.     CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

147.     TranSystems Corporation provided CSXT a Certificate of Liability Insurance stating that CSXT was an additional insured on the Umbrella liability policy procured by

TranSystems from Travelers Property Casualty Company of America company, under policy number CUP2X654076 which specifically applies to work being performed by both Christopher Valente and Henry Ipema. A copy of the Certificate of Liability Insurance is attached as Exhibit E.

148.    At all relevant times, CSXT was an additional insured under the Travelers Property policy.

149.    Travelers Property's policy provides CSXT coverage, defense and indemnity from both Valente and Ipema's claims.

150.    On March 7, 2025, CSXT timely tendered its defense to Travelers Property and demanded insurance coverage to cover the claims alleged in both Valente and Ipema's complaints. On May 5, 2025, and May 2, 2025, CSX renewed its tender and demand for insurance coverage to Travelers Property.

151.    Travelers Property has not responded to CSXT's tenders of defense or demands for coverage.

152.    Travelers Property is obligated to defend, indemnity and pay or reimburse CSXT for all damages, costs, and expenses, including without limitation attorneys' fees, arising out of or in connection with or in any way related to the Agreement between CSXT and TranSystems or Valente or Ipema's Complaints.

WHEREFORE, CSX TRANSPORTATION, INC., prays for entry of a judgment finding and declaring that: (i) TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY OF AMERICA has a duty to defend and indemnify CSX TRANSPORTATION, INC. against the allegations of Christopher Valente and Henry Ipema's Complaints; (ii) TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY OF AMERICA is responsible for all

liability incurred by CSX TRANSPORTATION, INC. as a result of Christopher Valente and Henry Ipema's claims and for attorneys' fees, costs and disbursements incurred in defending against said claims; and (iii) enter judgment in favor of CSX TRANSPORTATION, INC. and against TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY OF AMERICA in an amount equal to all liability incurred by CSX TRANSPORTATION, INC., including attorneys' fees, costs and disbursements.

## COUNT XIV
### (215     ILCS 5/155 – Travelers Property Casualty Company of America)

153.    CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

154.    Section 155 of the Illinois Insurance Code (215 ILCS 5/155), in pertinent part, provides:

> Attorney fees.
>
> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>> (b) $60,000;
>> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

155.    On March 7, 2025, CSXT timely tendered its defense Travelers Property and demanded insurance coverage to cover the claims alleged in both Valente and Ipema's complaints.

156.    On May 5, 2025, and May 2, 2025, CSX renewed its tender and demand for insurance coverage to Travelers Property.

157.    Travelers Property has not responded to CSXT's tenders of defense or demands for coverage.

158.    Travelers Property has failed to provide CSXT insurance coverage despite CSXT being an additional insured and Travelers Property having knowledge of the terms, conditions and nature of the obligations owed to CSXT.

159.    In failing to respond to any of its tender letters, Travelers Property has engaged in unreasonable and vexatious conduct.

160.    CSXT has been damaged by Travelers Property's failure to acknowledge and confirm insurance coverage, defense and indemnity of CSXT against both Christopher Valente and Henry Ipema's claims.

161.    As a result of Travelers Property's unreasonable and vexatious conduct, CSXT has sustained monetary damages including the costs incurred in defending against Christopher Valente and Henry Ipema's Complaints.

162.    CSXT seeks recovery under 215 ILCS 5/155 for statutory penalties, which are in addition to and not a limitation on CSXT's entitlement to reasonable attorney fees and costs incurred in connection with this action.

WHEREFORE, CSX TRANSPORTATION, INC., prays for entry of a judgment pursuant to §155 of the Illinois Insurance Code for attorneys' fees, costs, other damages and a statutory award, and for such other and additional relief as the Court deems appropriate.

## COUNT XV
## (Contractual Indemnity – TranSystems)

163.    CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

164.    Under the agreement between CSXT and TranSystems, TranSystems is required to indemnify CSXT and protect and save it harmless from and against all loss and damage on account of injury of any person caused by or growing out of the operation of the contract between the two.

165.    The contract between CSXT and TranSystems requires TranSystems to defend, indemnify, hold harmless, and reimburse CSXT for all claims, damages, and payments that CSXT may be required to make under both Christopher Valente and Henry Ipema's Complaints, including all attorneys' fees, costs and disbursements incurred in defense against Valente and Ipema's Complaints.

166.    The contract between CSXT and TranSystems contains an express choice-of law provision stating that Florida law shall govern any claim or dispute arising between CSXT and the respective contractor; therefore any claim for indemnity is not covered by the Construction Contract Indemnification for Negligence Act, 740 ILCS 35/0.01, et seq.

167.    The contract between CSXT and TranSystems contains an indemnification clause requiring TranSystems to indemnify CSXT for claims, losses, or liabilities arising out of or related to the contractors' work, which is enforceable under the requirements of Florida Statute §725.06.

168.    Despite CSXT's demand for indemnification, TranSystems has refused and failed to indemnify CSXT for the claims and losses described above.

169.    WHEREFORE, CSX TRANSPORTATION, INC.  prays for entry of a judgment finding and declaring that CSX TRANSPORTATION, INC. is entitled to defense and indemnification from TRANSYSTEMS CORPORATION., for damages, and payments that CSX

TRANSPORTATION, INC. may be required to make as a result of Christopher Valente and Henry Ipema's Complaints, including all attorneys' fees, costs and disbursements incurred in defending against Christopher Valente and Henry Ipema's Complaint. CSX TRANSPORTATION, INC. further prays for an award of all costs incurred by CSX TRANSPORTATION, INC. in bringing this action, and for such other and additional relief as the Court deems appropriate.

## COUNT XVI
### (Contractual Indemnity – Granite)

170.   CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

171.   Under the agreement between CSXT and Granite, Granite is required to indemnify CSXT and protect and save it harmless from and against all loss and damage on account of injury of any person caused by or growing out of the operation of the contract between the two.

172.   The contract between CSXT and Granite requires Granite to defend, indemnify, hold harmless, and reimburse CSXT for all claims, damages, and payments that CSXT may be required to make under both Christopher Valente and Henry Ipema's Complaints, including all attorneys' fees, costs and disbursements incurred in defense against Valente and Ipema's Complaints.

173.   The contract between CSXT and Granite contains an express choice-of law provision stating that Florida law shall govern any claim or dispute arising between CSXT and the respective contractor; therefore any claim for indemnity is not covered by the Illinois Construction Contract Indemnification for Negligence Act, 740 ILCS 35/0.01, et seq.

174. The contract between CSXT and Granite contains an indemnification clause requiring Granite to indemnify CSXT for claims, losses, or liabilities arising out of or related to the contractors' work, which is enforceable under the requirements of Florida Statute §725.06.

175. Despite CSXT's demand for indemnification, Granite has refused and failed to indemnify CSXT for the claims and losses described above.

176. WHEREFORE, CSX TRANSPORTATION, INC.  prays for entry of a judgment finding and declaring that CSX TRANSPORTATION, INC. is entitled to defense and indemnification from GRANITE CONSTRUCTION INC., for damages, and payments that CSX TRANSPORTATION, INC. may be required to make as a result of Christopher Valente and Henry Ipema's Complaints, including all attorneys' fees, costs and disbursements incurred in defending against Christopher Valente and Henry Ipema's Complaint. CSX TRANSPORTATION, INC. further prays for an award of all costs incurred by CSX TRANSPORTATION, INC. in bringing this action, and for such other and additional relief as the Court deems appropriate.

## COUNT XVII
### (Contractual Indemnity – The Roderick Group d/b/a Ardmore Roderick)

177. CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

178. Under the agreement between Roderick and TranSystems, Roderick is required to indemnify CSXT and protect and save it harmless from and against all loss and damage on account of injury of any person caused by or growing out of the operation of the contract between Roderick and TranSystems, under which CSXT was expressly protected.

179. The contract between CSXT and Roderick requires Roderick to defend, indemnify, hold harmless, and reimburse CSXT for all claims, damages, and payments that CSXT may be

required to make under Henry Ipema's Complaint, including all attorneys' fees, costs and disbursements incurred in defense against Ipema's Complaint.

180.    Despite CSXT's demand for indemnification, Roderick has refused and failed to indemnify CSXT for the claims and losses described above.

181.    WHEREFORE, CSX TRANSPORTATION, INC.  prays for entry of a judgment finding and declaring that CSX TRANSPORTATION, INC. is entitled to defense and indemnification from THE RODERICK GROUP d/b/a ARDMORE RODERICK., for damages, and payments that CSX TRANSPORTATION, INC. may be required to make as a result of Henry Ipema's Complaint, including all attorneys' fees, costs and disbursements incurred in defending against Henry Ipema's Complaint. CSX TRANSPORTATION, INC. further prays for an award of all costs incurred by CSX TRANSPORTATION, INC. in bringing this action, and for such other and additional relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable as of right pursuant to Federal Rule of Civil Procedure 38.

CSX TRANSPORTATION, INC.,

By:    _/s/ Daniel J. Mohan_____
One of Its Attorneys

Daniel J. Mohan
Daniel J. Hronek
Rachel E. Johnson
Jack Ruggiero
MOHAN GROBLE SCOLARO, P.C.
55 West Monroe Street, Suite 1600
Chicago, IL 60603
(312) 422-9999
mohan@mohangroble.com
dhronek@mohangroble.com
rjohnson@mohangroble.com
jruggiero@mohangroble.com