## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

CSX TRANSPORTATION, INC.,

      *Plaintiff,*

      v.

TRANSYSTEMS CORPORATION, GRANITE CONSTRUCTION INC., THE RODERICK GROUP INC. d/b/a/ ARDMORE RODERICK, ZURICH NATIONAL INSURANCE COMPANY., TRANSPORTATION INSURANCE CO.,CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD., PA MANUFACTURERS INDEMNITY CO., OLD REPUBLIC UNION INSURANCE CO., and TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY OF AMERICA

      *Defendants.*

Case No. 1:25-CV-14475

## ZURICH'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIM/CROSSCLAIM FOR DECLARATORY JUDGMENT

Defendant, Zurich American Insurance Company (inaccurately named herein as "Zurich National Insurance Company"), by its attorneys, Bodell Bove LLC, for its Answer to the Complaint for Declaratory Judgment filed herein by Plaintiff, CSX Transportation, Inc. ("CSXT"), states as follows:

## THE PARTIES

1. CSXT is a Virginia corporation engaged in operating a railroad as a common carrier in interstate commerce, with its principal place of business in Florida.

**ANSWER:** **Paragraph 1 is admitted based on the information in the publicly available records maintained by the Virginia State Corporation Commission.**

2.  TranSystems Corporation ("TranSystems") is a Missouri corporation, with its principal place of business in Missouri.

**ANSWER:** **Paragraph 2 is admitted based on the information in the publicly available records maintained by the Missouri Secretary of State's Office.**

3.  Granite Construction Inc. ("Granite") is a Delaware corporation, with its principal place of business in California.

**ANSWER:** **Paragraph 3 is admitted based on the information in the publicly available records maintained by the California Secretary of State's Office.**

4.  The Roderick Group d/b/a Admore Roderick ("Roderick") is a Delaware corporation, with its principal place of business in Illinois.

**ANSWER:** **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.**

5.  Zurich National Insurance Company ("Zurich") is an Illinois corporation, with its principal place of business in Illinois.

**ANSWER:** **Denied. Answering further, Zurich American Insurance Company admits that it is an insurance carrier that is organized under New York law that maintains its principal place of business in Schaumburg, Illinois.**

6.  Transportation Insurance Co. is an Illinois corporation and subsidiary of CNA Financial Corporation, with its principal place of business in Illinois.

**ANSWER:** **Based on the information in publicly available records maintained by the Illinois Department of Insurance, Zurich admits only that Transportation Insurance Co. is an Illinois corporation with its principal place of business in Illinois. Zurich lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6.**

7. Continental Casualty Company ("Continental Casualty") is an Illinois corporation and subsidiary of CNA Financial Corporation, with its principal place of business in Illinois.

**ANSWER:** **Based on the information in publicly available records maintained by the Illinois Department of Insurance, Zurich admits only that Continental Casualty is an Illinois corporation with its principal place of business in Illinois. Zurich lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7.**

8. National Fire Insurance Company of Hartford ("National Fire") is an Illinois corporation and subsidiary of CNA Financial Corporation, with its principal place of business in Illinois.

**ANSWER:** **Paragraph 8 is admitted based on the information in the publicly available records maintained by the Illinois Department of Insurance.**

9. PA Manufacturers Indemnity Co. ("PA Manufacturers") is a Pennsylvania corporation, with its principal place of business in Pennsylvania.

**ANSWER:** **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.**

10. Old Republic Union Insurance Co. ("Old Republic") is an Illinois corporation, with its principal place of business in Illinois.

**ANSWER:** **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.**

11. Travelers Property Casualty Insurance Company of America ("Travelers Property"), is a Connecticut corporation, with its principal place of business in Connecticut.

**ANSWER:** **Paragraph 11 is admitted based on the information in the publicly available records maintained by the Illinois Department of Insurance.**

3

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1)

because there is complete diversity of citizenship between Plaintiff and all named Defendants,

and the amount in controversy exceeds $75,000 exclusive of interest and costs

**ANSWER:     Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.**

13.     Plaintiff CSXT is incorporated in Virginia and has its principal place of business

of business in Florida. None of the named Defendants share either of those states of

incorporation or principal place of business.

**ANSWER:     Zurich admits the first sentence of paragraph 13. Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 13.**

14.     Venue is proper in the Northern District of Illinois under 28 U.S.C. §13919(b)(2)

because a substantial part of the events or omissions giving rise to the claim occurred in this

District.

**ANSWER:     Zurich admits only that venue is proper in this district pursuant to 28 U.S. Code § 1391(b)(2).**

## ALLEGATIONS COMMON TO ALL COUNTS

15.     On or about December 20, 2023, and at times before and after that date, there was

an improvement to real property project underway at or around or near CSX Forest Hill Yard,

2252 W. 79th St., Chicago, Cook County, Illinois commonly referred to as The Forest Hill Flyover

at CSX Forest Hill Railroad Yard, (hereinafter referred to as "the project").

**ANSWER:     Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.**

16.     At all relevant times, CSXT was designated as the owner of the project.

**ANSWER:**     **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.**

17.     On May 24, 2022, CSXT entered into a construction contract with Granite Construction Inc. (attached as Exhibit A), whereby Granite would serve as a contractor on the project.

**ANSWER:**     **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.**

18.     Section 21(a) of Exhibit A provides, in relevant part:

> CONTRACTOR at its sole cost and expense shall procure and maintain during the continuance of the Work, until such Work is fully completed and accepted by RAILROAD, a policy of Commercial General Liability Insurance covering CONTRACTOR's direct and assumed liability under this Contract, and covering RAILROAD as an additional named insured.

**ANSWER:**     **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.**

19.     Section 20 of Exhibit A provides, in relevant part:

> To the maximum extent permitted by applicable Law, CONTRACTOR assumes all responsibility for, and releases and agrees to indemnify, defend, and hold harmless RAILROAD and its Affiliates with respect to any and all liabilities, claims, demands, payments, suits, actions, recoveries, fines, penalties, costs and expenses (including attorneys' fees, court costs and out-of-pocket expenses), judgments, settlements, losses, and damages of every nature, degree, and kind (including direct, indirect, consequential, incidental, exemplary, punitive or special damages)(collective, "Liabilities"), arising directly or indirectly from the presence of CONTRACTOR, its agents, employees, invitees, or subcontractors, or its subcontractors' agents, employees or invitees on or about RAILROAD property or the performance of this Contract or

activities incidental thereto, whether or not attributable in whole or part to the negligence of RAILROAD or its affiliates, and including personal injury, including death of any person(s), (including employees of RAILROAD or CONTRACTOR..."

**ANSWER:** **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.**

20. Section 59 of Exhibit A provides, in relevant part:

(E). Florida Law (without regard to the choice of law principles of any jurisdiction) exclusively governs all matters based upon, arising out of or relating in any way to this Contract, including all disputes, claims or causes of action arising out of this Contract, as well as the interpretation, construction, performance and enforcement of this contract.

**ANSWER:** **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.**

21. On September 12, 2023, Granite procured Commercial General Liability insurance from Transportation Insurance Co. under policy number GL2074978689, effective from October 1, 2023, to October 1, 2026. Granite also procured Umbrella Liability insurance from Continental Casualty Company under policy Number CUE2068209453, effective from October 1, 2023, to October 1, 2024 (Attached as Exhibit B).

**ANSWER:** **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.**

22. In each Granite insurance policy, CSXT was listed as an additional insured.

**ANSWER:** **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.**

23.     On November 3, 2020, CSXT entered into a construction contract with TranSystems Corporation (attached as Exhibit C), whereby TranSystems would serve as another contractor on the project.

**ANSWER:**     **On information and belief, Zurich admits only that TranSystems Corporation entered into an agreement dated November 3, 2020 with CSXT and that at least portions of that agreement are attached to the Complaint as Exhibit C. Zurich lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 23.**

`

24.     Section 8 of Exhibit C provides, in relevant part:

> "Liability Insurance. Prior to and during any entry by Contractor onto the premises of CSXT or otherwise during the performance of the Services, Contractor shall purchase and maintain the following insurance coverages: (i) Commercial General Liability Insurance, with contractual liability covering obligations assumed in this Agreement (including any agreements entered into between the parties pursuant hereto) by Contractor, providing for available limits of not less than $5,000,000 single limit, bodily injury and/or property damage combined, for damages arising out of bodily injuries to or death of all persons in each occurrence and for damage to or destruction of property, including the loss of use thereof, in each occurrence, including Federal Employers Liability Act claims against CSXT, or other liability arising out of or incidental to railroad operations; (ii) Statutory Workers' Compensation, Employer's Liability Insurance with available limits of not less than $1,000,000 (which shall include but not be limited to coverage for employee misclassification) and Occupational Disease Insurance; (iii) if any motor vehicles are used in connection with the work to be performed hereunder (or in connection with any agreements entered into between the parties pursuant hereto), Business Automobile Liability Insurance with limits of not less than $2,000,000 single limit, bodily injury and/or property damage combined, for damages to or destruction of property including the loss of use thereof, in any one occurrence; and (iv) if professional services are being rendered by Contractor, Professional Liability coverage in an amount not less than $2,000,000. If, in CSXT's opinion, a higher limit of liability is necessary for any insurance policy required hereunder, CSXT shall so notify Contractor and Contractor shall, within thirty (30) days of receipt of such notice, provide a copy of the endorsement to the appropriate policy

increasing the liability coverage to the required limit. Proof of insurance should be provided to the applicable notices address set forth in Section 29 below."

**ANSWER:** **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.**

25.     Section 7 of Exhibit C provides, in relevant part:

"Contractor covenants and agrees to indemnify, protect and save harmless CSXT from and against any and all liabilities, claims, demands, obligations, charges, proceedings, actions, causes of action, and suits (collectively, "Claims"), and any and all losses, damages, judgments, costs and expenses, including attorneys' fees and court costs (collectively, "Damages") whatsoever, suffered or incurred by CSXT, on account of injury to or death of any persons whomsoever (including employees of Contractor and employees of CSXT or others), or loss or destruction of or damage to property of any kind or character whatsoever, and to whomsoever belonging, hereinafter collectively referred to as "incidents", caused or contributed to by any act or omission, negligent or otherwise, of Contractor, or of any of Contractor's agents, contractors, servants or employees, arising out of or incidental to the performance of the Services, except to the extent that the foregoing incidents occurred as a result of the negligence or intentional misconduct of CSXT where such negligence or intentional misconduct is the sole proximate cause of the incident(s) for which Contractor seeks to avoid indemnification."

**ANSWER:** **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.**

26.     Section 23 of Exhibit C provides, in relevant part:

Governing Law. This Agreement, and all matters based upon, arising out of or relating in any way to this Agreement of the performance hereof, shall be governed by and interpreted in accordance with the laws of the State of Florida, without regards to the conflict of laws provisions of any jurisdiction.

**ANSWER:** **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.**

27.     On August 7, 2024, TranSystems and Gannet Fleming completed a strategic merger, forming a combined entity known as GFT Infrastructure, Inc.

**ANSWER:** **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.**

28.     On September 30, 2024, Gannett Fleming, Inc. procured commercial general liability insurance from PA Manufacturers Indemnity Co. under policy number 3024012907384A, effective from February 1, 2024, to February 1, 2025. Gannett Fleming, Inc. also procured Excess Liability insurance from Old Republic Union Insurance Company under policy Number ORGRX5000244-00, effective from February 1, 2024, to February 1, 2025 (Attached as Exhibit D).

**ANSWER:** **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.**

29.     In each Gannett Fleming Inc. insurance policy, CSXT was listed as an additional insured.

**ANSWER:** **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.**

30.     On September 30, 2024, TranSystems procured Umbrella Liability insurance from Travelers Property Casualty Company of America, under Policy Number CUP2X654076, effective from October 1, 2023, to October 1, 2024 (Attached as Exhibit E).

**ANSWER:** **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.**

31.     Upon information and belief, TranSystems procured additional liability insurance from Zurich National Insurance company, with CSXT as additional insured, which was effective during the relevant dates in this case.

**ANSWER:** **Zurich admits only that Zurich issued a Commercial General Liability policy to "TRANSYSTEMS CORPORATION" under policy no. GLO 3707153-22 that was effective from October 1, 2023 to October 1, 2024 (referred to hereinafter as "the Zurich policy").**

32.     In each TranSystems insurance policy, CSXT was listed as an additional insured.

**ANSWER:**     **Zurich admits only that the Zurich policy contains an endorsement titled "ADDITIONAL INSURED – DESIGNATED PERSON OR ORGANIZATION" bearing form no. CG 20 26 12 19 which contains a Schedule that lists "CSX TRANSPORTATION, INC." as the *"Name Of Additional Insured Person(s) Or Organization(s)"* and that the Zurich policy contains certain other additional insured endorsements that identify "CSX" as an additional insured. Answering further, the additional insured endorsements contain certain terms, limitations and exclusions that limit any coverage that an additional insured can obtain under the Zurich policy. Answering further, Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 to the extent they concern any insurance policy other than the Zurich policy.**

33.     On January 4, 2021, TranSystems entered into a subcontractor agreement between Roderick, where Roderick was to perform as a subcontractor on the project. The contract between TranSystems and Roderick is included as Exhibit (F).

**ANSWER:**     **On information and belief, Zurich admits only that TranSystems Corporation entered into an agreement dated November 3, 2020 with CSXT and that at least portions of that agreement are attached to the Complaint as Exhibit C. Zurich lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 23.**

34.     Per the contract between TranSystems and Roderick, Roderick was required to maintain multiple types of insurance throughout the duration of the contract (See Exhibit F).

**ANSWER:**     **On information and belief, admitted.**

35.     On March 6, 2023, Roderick procured commercial general liability insurance from National Fire Insurance Company of Hartford, under policy number 7018049890, effective from December 31, 2022, to December 31, 2023. Roderick also procured umbrella liability insurance from Continental Casualty, under policy number 7018049937, effective from December 31, 2022, to December 31, 2023 (Attached as Exhibit G).

**ANSWER:**    **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.**

36.    In each Roderick insurance policy, CSXT was listed as an additional insured.

**ANSWER:**    **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.**

37.    Section 6.10 of Exhibit F provides, in relevant part:

> "CONSULTANT shall indemnify and hold harmless TRANSYSTEMS AND OWNER (CSXT) from and against all losses, claims, damages, or expenses to the extent such losses, claims damages, or expenses are caused by any negligent act, error, or omission of CONSULTANT or any person or organization for whom CONSULTANT is legally liable, including but not limited to, sub-consultants, employees, agents, or representatives. Notwithstanding the foregoing, neither party shall be liable to the other party hereto for any loss, claim, damage, or expense to the extent caused by such party's own negligent acts or omissions, pursuant to 740 ILCS 35 (Illinois Construction Contract Indemnification for Negligence Act).

**ANSWER:**    **Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.**

38.    On November 13, 2024, Christopher Valente filed his Complaint at Law against CSXT and TranSystems Corporation.

**ANSWER:**    **Zurich admits only that on November 13, 2024, Valente filed the referenced Complaint and that "CSX Transportation" was identified as a defendant in that pleading.   Any other allegations in paragraph 38 are denied.**

39.    Valente's complaint alleges that on May 23, 2024, while working on the project in the course of his duties as an employee of Granite, Valente sustained injuries after a crane allegedly lost control of a load, striking Valente. A copy of Valente's Complaint is attached as Exhibit H.

**ANSWER:**    **Paragraph 39 seeks to paraphrase the contents of Valente's  Complaint, which is a lengthy written document.  Zurich denies paragraph 39 to the extent it inaccurately or incompletely summarizes Valente's Complaint.**

40.     On January 21, 2025, CSXT filed its Answer to Valente's Complaint, denying all material allegations including that it is liable for the injuries sustained by Valente. A copy of CSXT's Answer to Valente's Complaint is attached as Exhibit I.

**ANSWER:**     **Admitted.**

41.     On January 16, 2025, Henry Ipema filed his Complaint at Law against CSXT and TranSystems.

**ANSWER:**     **Zurich admits only that on January 16, 2024, Ipema filed the referenced Complaint and that "CSX Transportation" was identified as a defendant in that pleading.   Any other allegations in paragraph 41 are denied.**

42.     Ipema's complaint alleges that on December 20, 2023, while working on the project in the course of his duties as an employee of Granite, Ipema fell off of a platform due to alleged inadequate and unsafe tie-off for fall protection system. A copy of Ipema's Complaint is attached as Exhibit J.

**ANSWER:**     **Paragraph 42 seeks to paraphrase the contents of Ipema's Complaint, which is a lengthy written document. Zurich denies paragraph 42 to the extent it inaccurately or incompletely summarizes Ipema's Complaint.**

43.     On March 4, 2025, CSXT filed its Answer to Ipema's Complaint, denying all material allegations including that it is liable for the injuries sustained by Ipema. A copy of CSXT's Answer to Valente's Complaint is attached as Exhibit K.

**ANSWER:**     **The first sentence of paragraph 43 is admitted. The second sentence of paragraph 43 is denied.**

## COUNT I
### (Declaratory Judgment – Zurich National Insurance)

44.     CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

**ANSWER:**     **Zurich incorporates by reference its answers to paragraphs 1-43.**

12

45.     TranSystems Corporation provided CSXT a Certificate of Liability Insurance stating that CSXT was an additional insured on the Commercial General Liability policy procured by TranSystems from Zurich National Insurance company, which specifically applies to work being performed by both Christopher Valente and Henry Ipema.

**ANSWER:     Zurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45. Answering further, Zurich denies that any Certificate of Liability Insurance can amend or alter the terms of the Zurich policy.**

46.     At all relevant times, CSXT was an additional insured under the Zurich National Policy.

**ANSWER:     The terms "at all relevant times" and "the Zurich National Policy" as used in Paragraph 46 are unreasonably vague and paragraph 46 is denied on that basis.**

47.     Zurich's policy provides CSXT coverage, defense and indemnity from both Valente and Ipema's claims.

**ANSWER:     Paragraph 47 improperly asserts a legal conclusion that requires no response. To the extent a response is required, paragraph 47 is denied. Answering further, the phrase "provides CSXT coverage, defense and indemnity" is impermissibly vague, and paragraph 47 is denied on that additional basis.**

48.     On March 10, 2025, CSXT timely tendered its defense to Zurich and demanded insurance coverage to cover the claims alleged in both Valente and Ipema's complaints. On May 5, 2025, and October 14, 2025, CSX renewed its tender and demand for insurance coverage to Zurich.

**ANSWER:     The phrase "timely tendered" as used in Paragraph 48 is unreasonably vague and is denied on that basis. Answering further, Zurich denies that CSXT sent any letters as described in paragraph 48 directly to Zurich.**

49.     Zurich has not responded to CSXT's tenders of defense or demands for coverage.

**ANSWER:** **Paragraph 49 is unreasonably vague and is denied on that basis. Answering further, Zurich admits only that, as of the date CSXT initiated this action, Zurich had not issued a position letter to CSXT regarding the issue of whether the Zurich policy potentially provided coverage for CSXT in the *Valente* and *Ipema* lawsuits.**

.

50.     Zurich is obligated to defend, indemnity and pay or reimburse CSXT for all damages, costs, and expenses, including without limitation attorneys' fees, arising out of or in connection with or in any way related to the Agreement between CSXT and TranSystems or Valente or Ipema's Complaints.

**ANSWER:** **Denied.**

WHEREFORE, Defendant, Zurich American Insurance Company, respectfully requests that this Court enter judgment in favor of Zurich and against Plaintiff, CSX Transportation, Inc., as to Count I of the Complaint for Declaratory Judgment, denying all relief sought therein.

## COUNT II
### (215 ILCS 5/155 – Zurich National Insurance)

51.     CSXT incorporates by reference paragraphs 1 through 43 as though fully set forth herein.

**ANSWER:** **Zurich incorporates by reference its answers to paragraphs 1-43.**

52.     Section 155 of the Illinois Insurance Code (215 ILCS 5/155), in pertinent part, provides:

> Attorney fees.
>
> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

14

(a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(b) $60,000;

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

**ANSWER:** **Zurich admits the existence of the cited statute but denies that is applicable here.**

53. On March 10, 2025, CSXT timely tendered its defense to Zurich and demanded insurance coverage to cover the claims alleged in both Valente and Ipema's complaints.

**ANSWER:** **The phrase "timely tendered" as used in Paragraph 53 is unreasonably vague and is denied on that basis. Answering further, Zurich denies that CSXT sent any letter as described in paragraph 53 directly to Zurich.**

54. On May 5, 2025, and October 14, 2025, CSX renewed its tenders and demands for insurance coverage to Zurich.

**ANSWER:** **Zurich denies that CSXT sent any letters as described in paragraph 54 directly to Zurich.**

55. Zurich has not responded to CSXT's tenders of defense or demands for coverage.

**ANSWER:** **Paragraph 55 is unreasonably vague and is denied on that basis. Answering further, Zurich admits only that, as of the date CSXT initiated this action, Zurich had not issued a position letter to CSXT regarding the issue of whether the Zurich policy potentially provided coverage for CSXT in the Valente and Ipema lawsuits.**

56. Zurich has failed to provide CSXT insurance coverage despite CSXT being an additional insured and Zurich having knowledge of the terms, conditions and nature of the obligations owed to CSXT.

**ANSWER:** **The phrase "knowledge of the terms, conditions and nature of the obligations owed to CSXT" is unreasonably vague and improperly asserts legal conclusions, and is denied on that basis.**

57.    In failing to respond to any of its tender letters, Zurich has engaged in unreasonable and vexatious conduct.

**ANSWER:**    **The phrase "its tender letters" is unreasonably vague, and paragraph 57 is denied on that basis. Answering further, Zurich denies that it has engaged in unreasonable and vexatious conduct.**

58.    CSXT has been damaged by Zurich's failure to acknowledge and confirm insurance coverage, defense and indemnity of CSXT against both Christopher Valente and Henry Ipema's claims.

**ANSWER:**    **Denied.**

59.    As a result of Zurich's unreasonable and vexatious conduct, CSXT has sustained monetary damages including the costs incurred in defending against Christopher Valente and Henry Ipema's Complaints.

**ANSWER:**    **Denied.**

60.    CSXT seeks recovery under 215 ILCS 5/155 for statutory penalties, which are in addition to and not a limitation on CSXT's entitlement to reasonable attorney fees and costs incurred in connection with this action.

**ANSWER:**    **Zurich denies CSXT is entitled to any relief against Zurich under the cited statute.**

WHEREFORE, Defendant, Zurich American Insurance Company, respectfully requests that this Court enter judgment in favor of Zurich and against Plaintiff, CSX Transportation, Inc., as to Count II of the Complaint for Declaratory Judgment, denying all relief sought therein.

**COUNT III**
**(Declaratory Judgment – Transportation Insurance Co.)**

Count III is not directed against Zurich, and no relief against Zurich is sought therein. Accordingly, Zurich makes no response to Count III. If any Party contends that relief is sought against Zurich in Count III, Zurich denies any allegations in Count III that are directed against Zurich.

## COUNT IV
### (215 ILCS 5/155 – Transportation Insurance Co.)

Count IV is not directed against Zurich, and no relief against Zurich is sought therein. Accordingly, Zurich makes no response to Count IV. If any Party contends that relief is sought against Zurich in Count IV, Zurich denies any allegations in Count IV that are directed against Zurich.

## COUNT V
### (Declaratory Judgment – Continental Casualty Company)

Count V is not directed against Zurich, and no relief against Zurich is sought therein. Accordingly, Zurich makes no response to Count V. If any Party contends that relief is sought against Zurich in Count V, Zurich denies any allegations in Count V that are directed against Zurich.

## COUNT VI
### (215 ILCS 5/155 – Continental Casualty Company)

Count VI is not directed against Zurich, and no relief against Zurich is sought therein. Accordingly, Zurich makes no response to Count VI. If any Party contends that relief is sought against Zurich in Count VI, Zurich denies any allegations in Count VI that are directed against Zurich.

## COUNT VII
### (Declaratory Judgment –National Fire Insurance Company of Hartford)

Count VII is not directed against Zurich, and no relief against Zurich is sought therein. Accordingly, Zurich makes no response to Count VII. If any Party contends that relief is sought against Zurich in Count VII, Zurich denies any allegations in Count VII that are directed against Zurich.

## COUNT VIII
### (215 ILCS 5/155 – National Fire Insurance Company of Hartford)

Count VIII is not directed against Zurich, and no relief against Zurich is sought therein. Accordingly, Zurich makes no response to Count VIII. If any Party contends that relief is sought against Zurich in Count VIII, Zurich denies any allegations in Count VIII that are directed against Zurich.

## COUNT IX

**(Declaratory Judgment – PA Manufacturers Indemnity Co.)**

Count IX is not directed against Zurich, and no relief against Zurich is sought therein. Accordingly, Zurich makes no response to Count IX. If any Party contends that relief is sought against Zurich in Count IX, Zurich denies any allegations in Count IX that are directed against Zurich.

## COUNT X

**(215 ILCS 5/155 – PA Manufacturers Indemnity Co.)**

Count X is not directed against Zurich, and no relief against Zurich is sought therein. Accordingly, Zurich makes no response to Count X. If any Party contends that relief is sought against Zurich in Count X, Zurich denies any allegations in Count X that are directed against Zurich.

## COUNT XI

**(Declaratory Judgment – Old Republic Union Insurance Co.)**

Count XI is not directed against Zurich, and no relief against Zurich is sought therein. Accordingly, Zurich makes no response to Count XI. If any Party contends that relief is sought against Zurich in Count XI, Zurich denies any allegations in Count XI that are directed against Zurich.

## COUNT XII

**(215 ILCS 5/155 – Old Republic Union Insurance Co.)**

Count XII is not directed against Zurich, and no relief against Zurich is sought therein. Accordingly, Zurich makes no response to Count XII. If any Party contends that relief is sought against Zurich in Count XII, Zurich denies any allegations in Count XII that are directed against Zurich.

## COUNT XIII

**(Declaratory Judgment – Travelers Property Casualty Company of America)**

Count XIII is not directed against Zurich, and no relief against Zurich is sought therein. Accordingly, Zurich makes no response to Count XIII. If any Party contends that relief is sought against Zurich in Count XIII, Zurich denies any allegations in Count XIII that are directed against Zurich.

## COUNT XIV

**(215 ILCS 5/155 – Travelers Property Casualty Company of America)**

Count XIV is not directed against Zurich, and no relief against Zurich is sought therein. Accordingly, Zurich makes no response to Count XIV. If any Party contends that

relief is sought against Zurich in Count XIV, Zurich denies any allegations in Count XIV that are directed against Zurich.

**COUNT XV**
**(Contractual Indemnity – TranSystems)**

Count XV is not directed against Zurich, and no relief against Zurich is sought therein.  Accordingly, Zurich makes no response to Count XV.  If any Party contends that relief is sought against Zurich in Count XV, Zurich denies any allegations in Count XV that are directed against Zurich.

**COUNT XVI**
**(Contractual Indemnity – Granite)**

Count XVI is not directed against Zurich, and no relief against Zurich is sought therein.  Accordingly, Zurich makes no response to Count XVI.  If any Party contends that relief is sought against Zurich in Count XVI, Zurich denies any allegations in Count XVI that are directed against Zurich.

**COUNT XVII**
**(Contractual Indemnity – The Roderick Group d/b/a Ardmore Roderick)**

Count XVII is not directed against Zurich, and no relief against Zurich is sought therein.  Accordingly, Zurich makes no response to Count XVII.  If any Party contends that relief is sought against Zurich in Count XVII, Zurich denies any allegations in Count XVII that are directed against Zurich.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense – Priority of Coverage**

The Zurich policy identified in Zurich's Answer includes the Commercial General Liability Coverage Form (form no. CG 00 01 04 13, hereinafter referred as "the CGL coverage form"). A copy of that form is attached hereto as **Exhibit 1**. The CGL coverage form contains an "Other Insurance" provision.  The Zurich policy contains the  "Other Insurance Amendment - Primary And Non-Contributory" endorsement bearing form no. U-GL-1327-B CW (04/13) (referred to hereinafter as "the Other Insurance endorsement").  A copy of the Other Insurance endorsement is attached hereto as **Exhibit 2**. The "Other Insurance" provision in the CGL

coverage form is amended by the Other Insurance endorsement. The Other Insurance endorsement contains the following language:

> **2. The following paragraph is added to Paragraph 4.b. of the Other Insurance Condition of Section IV ---- Commercial General Liability Conditions:**
>
> **This insurance is excess over:**
>
> **Any of the other insurance, whether primary, excess, contingent or on any other basis, available to an additional insured, in which the additional insured on our policy is also covered as an additional insured on another policy providing coverage for the same "occurrence", offense, claim or "suit". This provision does not apply to any policy in which the additional insured is a Named Insured on such other policy and where our policy is required by written contract or written agreement to provide coverage to the additional insured on a primary and non-contributory basis.**

As revised by the Other Insurance endorsement, the Other Insurance provision in the CGL coverage form states that, if the Zurich policy provides any coverage for CSXT in the *Valente* or the *Ipema* lawsuits that are described in CSXT's Complaint (including coverage for defense costs), the Zurich policy is excess to other policies that also provide coverage for CSXT, as an additional insured, in those lawsuits. Accordingly, any coverage that CSXT contends the Zurich policy provides for CSXT in the *Valente* and/or *Ipema* suits is excess to the coverage provided to CSXTs by other policies.

## Second Affirmative Defense – Determinations Regarding the Existence of Indemnity Coverage are Premature

The *Valente* and/or *Ipema* suits have not been tried or settled. To the extent that CSXT seeks determinations regarding whether CSXT can obtain indemnification under the Zurich policy for purposes of the *Valente* and/or *Ipema* suits, any such determinations are currently premature. In the event that indemnity issues become ripe, Zurich reserves its rights to argue that indemnity coverage for CSXT is negated by operation of any relevant terms and exclusions in

the Zurich policy, including but not limited to the coverage restrictions in the relevant additional insured endorsements and the endorsement titled "EXCLUSION --- CONTRACTORS --- PROFESSIONAL LIABILITY" bearing form no. CG 22 79 04 13.

### Third Affirmative Defense

Zurich reserves the right to assert any other term, condition, exclusion, or definition in the Zurich policy, and any other defense based on the Zurich policy, equity or the law, that are or may be applicable.


### ZURICH'S COUNTERCLAIM AND CROSS-CLAIM

Defendant/Counter-Plaintiff/Cross-Claimant Zurich American Insurance Company, pursuant to Rule 13 of the Federal Rules of Civil Procedure, for Zurich's Counterclaim against Plaintiff/Counter-Defendant CSX Transportation, Inc. and for Zurich's Crossclaim against Defendants/Cross-Defendants, Transportation Insurance Co., Continental Casualty Company, National Fire Insurance Company of Hartford, PA Manufacturers Indemnity Co., and Old Republic Union Insurance Co., states as follows:

### PARTIES

1.      Zurich American Insurance Company ("Zurich") is an insurance carrier that is organized under New York law that maintains its principal place of business in Schaumburg Illinois.

2.      CSX Transportation, Inc. ("CSXT") is a corporation that is organized under Virginia law that maintains its principal place of business in Florida.

3.      Transportation Insurance Co. ("Transportation") is an insurance carrier that issues insurance policies which provide coverage to insureds that do business in the State of Illinois.

4.     Continental Casualty Company ("Continental Casualty") is an insurance carrier that issues insurance policies which provide coverage to insureds that do business in the State of Illinois.

5.     National Fire Insurance Company of Hartford ("National Fire") is an insurance carrier that issues insurance policies which provide coverage to insureds that do business in the State of Illinois.

6.     PA Manufacturers Indemnity Co. ("PA Manufacturers") is an insurance carrier that issues insurance policies which provide coverage to insureds that do business in the State of Illinois.

7.     Old Republic Union Insurance Co. ("Old Republic") is an insurance carrier that issues insurance policies which provide coverage to insureds that do business in the State of Illinois.

## JURISDICTION AND VENUE

8.     CSX has alleged this Court has jurisdiction over this Declaratory Action pursuant to 28 U.S.C. §1332(a).  If that is true, this Court has jurisdiction over this Counterclaim/Cross-Claim pursuant to 28 U.S.C. §1367(a).

9.     Venue is proper under 28 U.S.C. §1391(b)(2) or, alternatively, under 28 U.S.C. §1391(b)(3).

## General Allegations

10.     CSXT has been named as a defendant in an underlying lawsuit titled *Henry Ipema v. CSX Transportation et al.*, that is pending in the Circuit Court of Cook County, Illinois under Case No. 2025 L 000668 ("the *Ipema* suit").

11.     CSXT has been named as a defendant in an underlying lawsuit titled *Christopher Valente v. CSX Transportation et al.*, that is pending in the Circuit Court of Cook County, Illinois under Case No. 2024 L 012676 ("the *Valente* suit").

12.     In this Declaratory Action, CSXT alleges that Zurich issued a Commercial General Liability ("CGL") policy to the Named Insured "TranSystems Corporation," that provides coverage to CSXT, as an additional insured, for purposes of the *Valente* suit and the *Ipema* suit.

13.     In this Declaratory action, CSXT alleges that Transportation, Continental Casualty, National Fire, PA Manufacturers, and Old Republic issued certain CGL policies that provide coverage to CSXT, as an additional insured, for purposes of the *Valente* suit and the *Ipema* suit.

### Count I – The Zurich Policy is Excess to Other Policies that Provide Coverage to CSX as an Additional Insured

14.     Zurich issued a CGL policy to "TRANSYSTEMS CORPORATION", under policy no. GLO 3707153-22 that was effective from October 1, 2023 to October 1, 2024 (referred to hereinafter as "the Zurich policy").

15.     Zurich does not dispute that CSXT qualifies, subject to all the terms, limitations and exclusions in the applicable additional insured endorsements and coverage forms in the Zurich policy, as an additional insured on the Zurich policy for purposes of the *Valente* suit and the *Ipema* suit.

16.     Zurich denies CSXT's  contention that the Zurich policy provides primary coverage for CSXT in the *Valente* suit and the *Ipema* suit.

17. The Zurich policy includes the Commercial General Liability Coverage Form (form no. CG 00 01 04 13, hereinafter referred as "the CGL coverage form"). A copy of that form is attached hereto as **Exhibit 1**.

18. The CGL coverage form contains an "Other Insurance" provision.

19. The Zurich policy contains the "Other Insurance Amendment - Primary And Non-Contributory" endorsement bearing form no. U-GL-1327-B CW (04/13) (referred to hereinafter as "the Other Insurance endorsement"). A copy of the Other Insurance endorsement is attached hereto as **Exhibit 2**.

20. The Other Insurance endorsement contains the following language:

> **2. The following paragraph is added to Paragraph 4.b. of the Other Insurance Condition of Section IV ---- Commercial General Liability Conditions:**
>
> **This insurance is excess over:**
>
> **Any of the other insurance, whether primary, excess, contingent or on any other basis, available to an additional insured, in which the additional insured on our policy is also covered as an additional insured on another policy providing coverage for the same "occurrence", offense, claim or "suit". This provision does not apply to any policy in which the additional insured is a Named Insured on such other policy and where our policy is required by written contract or written agreement to provide coverage to the additional insured on a primary and non-contributory basis.**

21. As revised by the Other Insurance endorsement, the Other Insurance provision in the Zurich policy provides that, with respect to any coverage that the Zurich policy provides for CSXT in the *Valente* suit and/or the *Ipema* suit (including coverage for defense costs), the Zurich policy is excess to other policies that also provide coverage for CSXT as an additional insured.

22. Accordingly, if any policies issued by Transportation, Continental Casualty, National Fire, PA Manufacturers, and/or Old Republic provide coverage to CSXT in the *Valente*

suit and/or the *Ipema* suit, the Zurich policy's coverage for CSXT is excess to the coverage provided to CSXT by those other policies.

23. To the extent that Zurich pays any amounts (including defense costs) on behalf of CSXT in the *Valente* suit and/or the *Ipema* suit, Zurich will be entitled to reimbursement from any other policies that also provide coverage for CSXT as an additional insured

24. An actual controversy exists between the parties hereto regarding the priority of coverage among the CGL policies that potentially provide coverage to CSXT as an additional insured for purposes of the *Valente* suit and/or the *Ipema* suit, making this case appropriate for disposition pursuant to 28 U.S.C. §220.1

WHEREFORE, Defendant/Counter-Plaintiff/Cross-Plaintiff Zurich American Insurance Company prays that this Court enter a declaratory judgment in its favor and against Plaintiff/Counter-Defendant CSXT and against Defendants/Cross-Defendants, Transportation, Continental Casualty, National Fire, PA Manufacturers, and Old Republic, declaring, adjudging and decreeing as follows:

(a) That, for purposes of any coverage that CSXT can obtain for the *Valente* and *Ipema* suits, the Zurich policy is excess to any policies issued by Transportation, Continental Casualty, National Fire, PA Manufacturers, and/or Old Republic;

(b) That, if CSXT qualifies as an additional insured for purposes of the *Valente* and *Ipema* suits on a CGL policy issued by another insurance carrier, Zurich has no duty to defend CSXT in the *Valente* and *Ipema* suits;

(c) That Zurich is entitled to reimbursement for any amounts that Zurich pays on CSXT's behalf in the *Valente* and *Ipema* suits from any carrier that provides primary coverage to CSXT in those suits; and

(d) That Zurich is entitled to such other and further relief as the Court deems appropriate.

**Alternative Count II – Zurich Has No Obligation to CSXT With Respect to Claims That Allege Liability That Was Not "Caused In Whole Or In Part" by the Acts Or Omissions of Zurich's Named Insured.**

1-23.  As paragraphs 1-23 of Alternative Count II, Zurich restates and re-alleges paragraphs 1-23 of Count I.

24.     The applicable additional insured endorsements in the Zurich policy restrict coverage for an additional insured such that an additional insured can only obtain coverage for liability that was "caused in whole or in part" by the acts or omissions of Zurich's Named Insured, or the acts or omissions of those acting on behalf of Zurich's Named Insured, in the performance of the Named Insured's work for the additional insured.

25.     Accordingly, pleading in the alternative and without prejudice to Zurich's position that the Zurich policy only provides excess coverage to CSXT in the *Valente* and *Ipema* suits, CSXT cannot obtain coverage from the Zurich policy for liability that was not "caused in whole or in part" by the acts or omissions of Zurich's Named Insured, or the acts or omissions of those acting on behalf of Zurich's Named Insured, in in the performance of the Named Insured's work for CSXT.

26.     An actual controversy exists between the parties hereto regarding the limited scope of the coverage potentially provided by the Zurich policy to CSXT for any "bodily injury" at issue in the *Valente* and *Ipema* suits, making this case appropriate for disposition pursuant to 28 U.S.C. §2201.

WHEREFORE, Defendant/Counter-Plaintiff/Cross-Plaintiff Zurich American Insurance Company prays that this Court enter a declaratory judgment in its favor and against Plaintiff/Counter-Defendant CSXT and against Defendants/Cross-Defendants, Transportation,

Continental Casualty, National Fire, PA Manufacturers, and Old Republic, declaring, adjudging and decreeing as follows:

(a) That CSXT cannot obtain coverage in the *Valente* and *Ipema* suits from the Zurich policy for liability that was not "caused in whole or in part" by the acts or omissions of Zurich's Named Insured, or the acts or omissions of those acting on behalf of Zurich's Named Insured, in the performance of the Named Insured's work for CSXT;

(b) That Zurich has no obligation to provide coverage for CSXT in the *Valente* and *Ipema* suits for liability that was "caused in whole or in part" by the acts or omissions any party other than Zurich's Named Insured;

(c) That Zurich is entitled to such other and further relief as the Court deems appropriate.

Respectfully submitted,

ZURICH AMERICAN INSURANCE COMPANY

By:   /s/ Brian A. O'Gallagher
        One of its Attorneys

Brian O'Gallagher, Bar # 6211445
Bodell Bove LLC
915 Harger Road, Ste. 240
Oak Brook, IL 60523
Phone: (630) 382-4800
Facsimile: (630) 468-2158
BOGallagher@bodellbove.com